**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| MICHELLE EVA LUNA,<br><br>Plaintiff,<br><br>v.<br><br>GLA COLLECTION COMPANY, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:16-cv-00236<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT**
**TO THE FAIR DEBT COLLECTION PRACTICES ACT**
**AND THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes MICHELLE EVA LUNA, ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct by GLA COLLECTION COMPANY, INC. ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA) under 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and maintains substantial contacts within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a 31 year old natural person and is a "consumer" as defined by §1692a(3) of the FDCPA.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is a "full service professional collection agency"[1] with its headquarters located in Louisville, Kentucky. Defendant is a third-party debt collector that is in the business of collecting consumer debts for others, including debt allegedly owed by Plaintiff.

7. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

10. In approximately September 2014, Plaintiff started receiving phone calls from Defendant to her cellular phone, (606) XXX-7527. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

[1] http://www.glacompany.com/about.html

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7527. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. The phone number that Defendant has most frequently used to call Plaintiff from is (502) 267-7522. *See* Exhibit A.

13. Upon information and belief, the phone number ending in 7522 is regularly utilized by Defendant during its debt collection practice against consumers.

14. During answered calls, Plaintiff has often been greeted with what sounds like a recorded message asking her to hold until a representative of Defendant comes on the phone. *Id.*

15. On other answered calls from Defendant, Plaintiff has experienced a noticeable pause, approximately three seconds in length, before speaking with a representative. *Id.*

16. When Plaintiff first spoke with Defendant, she was advised that it was acting as a debt collector and was calling for the purpose of collecting on medical debt. *Id.*

17. Defendant is collecting on various consumer medical debts that Plaintiff has defaulted on. *Id.*

18. After Defendant called Plaintiff for an extended period of time, she asked to speak with a supervisor in order to get the calls to stop. *Id.*

19. Plaintiff was connected to a male representative who stated that he was a supervisor. Plaintiff then demanded that Defendant cease its conduct as the contacts were occurring while she was at work. *Id.*

20. Despite her prompts, Defendant has continued to call Plaintiff's cellular phone for the purposes of debt collection. *Id.*

21. Defendant's calls continued so persistently that Plaintiff was compelled to engage an attorney to represent her in reference to the contacts. *Id.*

22. Plaintiff's prior counsel sent Defendant's legal representative a correspondence instructing it to cease contacting her.

23. Despite notification from an attorney that Plaintiff desired for the calls to stop, Defendant has continued to contact her up to the filing of the instant action. *Id.*

24. Plaintiff has received well over 100 calls from Defendant since demanding that it stop contacting her. *Id.*

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

26. Plaintiff has incurred costs purchasing and maintaining an application on her cellular phone to block Defendant's phone number. *Id.*

27. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

28. Plaintiff has suffered financial loss as a result of Defendant's conduct.

29. Plaintiff has been unfairly harassed by Defendant's actions. *Id.*

30. Plaintiff has suffered concrete harm as a result of Defendant's actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Defendant violated 15 U.S.C. §§1692c(a)(1), c(a)(2), d, d(5), e, e(10) and f through its debt collection actions towards Plaintiff. Through systematic and persistent collection calls, Defendant engaged in conduct which had the natural consequence of unfairly harassing Plaintiff.

33. Despite being told to cease contacting her, Defendant continued to relentlessly contact Plaintiff via automated calls. Defendant was notified by Plaintiff that its calls were inconvenient and harassing to her, especially the ones she received while at work. Despite these prompts, Defendant continued to call Plaintiff at times it knew to be inconvenient. Even after Plaintiff's attorney instructed Defendant to cease its contact, the calls continued. As a result, Defendant continued to directly communicate with a consumer it knew was represented by counsel. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via automated calls.

34. Defendant's harassment techniques are strategically designed to induce consumers, such as Plaintiff, to pay immediately in order to avoid further harassment, embarrassment and sheer annoyance despite their inability to pay.

35. As plead in paragraphs 24 to 30, Plaintiff was harmed by Defendant's collection actions.

WHEREFORE, Plaintiff, MICHELLE EVA LUNA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

38. Defendant used an ATDS in connection with its collection communications directed towards Plaintiff. The approximately three second pause that Plaintiff experienced during answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Similarly, the recorded messages that Plaintiff often heard during Defendant's calls are of the variety generated by an ATDS. Finally, the frequency and nature of Defendant's calls strongly suggests that a predictive ATDS was used to generate the communications.

39. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to the original party of interest on the debt, which Defendant will likely assert transferred down, was specifically revoked. Plaintiff made numerous demands to Defendant to cease contacting her, going as high as to speak with a supervisor. Additionally, Defendant was instructed to cease contacting Plaintiff through correspondence from her counsel.

40. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

41. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). By ignoring multiple revocations of consent, Defendant has clearly displayed its willful defiance of the TCPA.

WHEREFORE, Plaintiff, MICHELLE EVA LUNA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further using an ATDS to contact Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection attempts towards Plaintiff.

44. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a

> supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

45. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

46. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

47. Defendant's collection calls and actions towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

48. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff to stop contacting her. It was further notified by her legal counsel. However, Defendant ignored these prompts in an abusive attempt to procure payment from Plaintiff.

49. Placing numerous calls after being told to stop was abusive to Plaintiff. Contacting a known represented party was an unfair and deceptive act. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

50. In violating the TCPA, Defendant engaged in illegal behavior during its communications towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

51. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

52. Defendant's conduct was part of an incurable act. Upon information and belief, Defendant routinely and systematically contacts consumers through means of an ATDS even when it no longer has consent to do so.

53. Plaintiff made a good-faith attempt to correct Defendant's incurable deceptive acts by demanding that it cease contacting her. Further, Plaintiff's counsel sent Defendant written notification to cease its activity.

54. Defendant's actions are against public policy as it routinely subjects consumers to unwanted harassment.

55. As pled in paragraphs 24 through 30, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, MICHELLE EVA LUNA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 20, 2016

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150

Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com